# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ROTHMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:11CV639 CEJ |
| GEORGE LOMBARDI, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Charles Rothman (registration no. 1184673), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $28.70. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will order plaintiff to submit an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will

forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $143.50, and an average monthly balance of $21.18. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $28.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, alleging that the defendants were indifferent to his serious medical needs. Named as defendants are George Lombardi, Director of the Missouri Department of Corrections; Joe Hoffmeister, Warden

of the Eastern Reception Diagnostic and Correctional Center (ERDCC); Jeff Norman, Warden of the Southeast Correctional Center (SECC); Unknown Chastin, a physician at ERDCC; Unknown Webb, a Sergeant at ERDCC; Glen S. Babich, a physician at SECC; and Patricia Cornell, Deputy Division Director, Division of Adult Institutions.

At all times relevant to the complaint, plaintiff was incarcerated at ERDCC. Plaintiff alleges that on December 19, 2008, he received a medical lay-in which required that he be allowed to use a cane for walking, that he be housed on the bottom floor, and that he be placed in a lower bunk. The lay-in, which is attached as an exhibit to the complaint, further states: "NO BOAT OR FLOOR ASSIGNMENTS." Regardless of the lay-in, says plaintiff, he was placed in a cell on the second floor, or "top walk," and made to sleep in the top bunk. Plaintiff claims that he was forced to sleep on the floor for five days by defendant Webb. Plaintiff also appears to allege, albeit inarticulately, that defendant Chastin knew he was forced to sleep on the floor of the top walk but did nothing to change the condition, despite plaintiff's lay-in.

Plaintiff claims that on December 23, 2008, he was attempting to descend the stairs when he fell, injuring his back and chest. Plaintiff says that he is now paralyzed from the waist down as a result of his injuries.

Plaintiff claims that defendant Cornell did not address his grievances properly.

## Discussion

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox,

47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). In the instant action, plaintiff has not set forth any facts indicating that defendants Lombardi, Hoffmeister, Norman, Babich, or Cornell were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

To state a claim for unconstitutional medical mistreatment, plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. To show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Plaintiff has not demonstrated that he suffered from an objectively serious medical need that defendants Webb and Chastin knew about but disregarded. Plaintiff has only demonstrated that he had a lay-in, which is not the same as showing a serious medical condition. As a result, the complaint fails to state a claim upon which relief can be granted as to Webb and Chastin.

Because of the serious nature of the allegations in the complaint, the Court will not dismiss the case at this time. Instead, the Court will give plaintiff the opportunity to file an amended complaint. Upon receipt of the amended complaint, the Court will

again review plaintiff's allegations to determine whether they adequately state a claim for relief.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint by the deadline set forth below, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $28.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall have until **June 6, 2011** in which to submit an amended complaint using the form provided by the Clerk of Court.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the "Prisoner Civil Rights Complaint" form.

Dated this 4th day of May, 2011.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE