# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ROTHMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV639 CEJ |
| ) | |
| UNKNOWN CHASTIN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's amended complaint [Doc. # 10] pursuant to 28 U.S.C. § 1915(e).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a

claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Amended Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Unknown Chastin, a Correctional Medical Services (CMS) Physician; Unknown Webb, an Eastern Reception Diagnostics and Correctional Center (ERDCC) Sergeant; Glen Babich, a CMS Physician; and John Doe, an ERDCC Correctional Officer.

Plaintiff alleges that he suffered from a serious heart condition, for which he underwent surgery. Plaintiff claims that on December 19, 2008, he received a medical lay-in which required that he be allowed to use a cane for walking, that he be housed on the bottom floor, and that he be placed in a lower bunk. The lay-in, which is attached as an exhibit to the complaint, further states: "NO BOAT OR FLOOR ASSIGNMENTS."

Plaintiff says that he showed the lay-in form to defendants Webb and Doe, whom plaintiff claims had some degree of control over his cell assignment. Plaintiff had a second floor cell assignment at the time. Plaintiff claims that Doe disregarded the lay-in and told plaintiff to go to his cell on the second floor or he would give plaintiff a conduct violation. Plaintiff says he complained to Webb but that Webb reiterated Doe's order.

Plaintiff maintains that he was forced to continue living in his cell on the second floor and that he was forced to sleep on the floor of the cell until May 23, 2008. Plaintiff alleges that defendants Webb, Doe, and Chastin were aware of this condition.

Plaintiff avers that on May 23, 2008, he fell down the stairs while attempting to get to the first floor. Plaintiff alleges that he suffered severe injuries as a result of the fall, resulting in paralysis from the waist down.

Plaintiff's only allegations pertaining to defendant Babich are that, at some point, Babich "approved for plaintiff to be assigned to Housing Unit #4D-101-B, a 'solitary confinement and very restrictive confinement'; with 'very limited movement.'" Am. Cmplt. at 9.

## Discussion

The complaint survives initial review as to defendants Chastin, Webb, and Doe. As a result, the Court will order Chastin and Webb to respond to the complaint.

In general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, the Court finds that plaintiff should be able to ascertain the identity of defendant Doe through reasonable discovery.

The allegations against Babich do not state a claim for relief under § 1983 because they do not rise to the level of a constitutional violation. As a result, the Court will dismiss plaintiff's claims against Babich under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Dr. Chastin and Sergeant Webb.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Chastin and Webb shall answer or otherwise respond to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants John Doe and Glen Babich.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 25th day of July, 2011.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE