**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHARLES ROTHMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV639 CEJ |
| ) | |
| GEORGE LOMBARDI, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

In this prisoner civil rights case, defendant Kyle Webb moves for summary judgment on the ground that plaintiff failed to properly exhaust available administrative remedies.  Webb also moves to dismiss the claims asserted against him for failure to state a claim.   In a separate motion, defendant Charles Chastain seeks dismissal of plaintiff's claims against him for failure to exhaust administrative remedies and for failure to state a claim.

**Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." Gregory v. Dillards, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotations and citation omitted).  "A plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims rather than facts that are merely consistent with such a right."  Id. (quotations and citation omitted).  "While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests."  Id. (quotations and citations omitted).

Rule 56(c) provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts.  AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987).  The moving party bears the burden of showing both the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).

Once the moving party has met his burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e). Anderson, 477 U.S. at 257; City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc., 838 F.2d 268, 273-74 (8th Cir. 1988).  Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## Background

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged indifference to serious medical needs.  At all times relevant to the complaint, plaintiff was incarcerated at the Eastern Reception Diagnostic and Correctional Center (ERDCC).  Defendant Webb is a Sergeant there, and Chastain is a physician for Correctional Medical Services which provides medical services to inmates.  Also remaining in this case is defendant John Doe, a correctional officer.

Plaintiff alleges that on December 19, 2008, he received a medical "lay-in" which prescribed that he be assigned to a cell on the lowest tier and that he be given a bottom bunk.  Plaintiff alleges that on that same day, defendants Webb and Doe, despite being aware of the lay-in restrictions, assigned plaintiff to a second floor cell and an upper bunk. On December 23, 2008, plaintiff was injured when he lost his balance and fell down the stairs.  He alleges that he is now paralyzed from the waist down.  The plaintiff attributes his injury to the defendants' disregard of the lay-in restrictions.  Plaintiff also alleges that he has been denied pain medication and physical therapy.

On January 8, 2009, plaintiff filed an Informal Resolution Request (IRR) complaining that his cell assignment violated the medical lay-in.[1]  He subsequently filed an "Offender Grievance," to which he received a response on March 18, 2009.  Plaintiff filed an "Offender Grievance Appeal" on March 18, 2009, that was stamped  "received" by prison officials on March 26, 2009.  Prison officials resolved plaintiff's IRR, grievance, and grievance appeal on the merits.

---

[1] Plaintiff's grievances are part of the complaint.  See Rule 10(c) of the Federal Rules of Civil Procedure.

Under the policy of the Missouri Department of Corrections, the administrative grievance process is initiated by filing an IRR within fifteen calendar days of the alleged incident.  In an inmate is dissatisfied with the response to an IRR, the inmate must file an offender grievance within seven calendar days of receiving a response to the IRR.  If an inmate is dissatisfied with the response to the offender grievance, then he may file an appeal within seven days of receiving the response.

## Discussion

**1.    Webb's Motion to Dismiss and for Summary Judgment**

    **a.  Exhaustion of administrative remedies**

Webb argues that he is entitled to judgment as a matter of law because plaintiff failed to properly exhaust administrative remedies prior to bringing this lawsuit. Under 42 U.S.C. § 1997e(a), a prisoner may not bring an action under §1983 "until such administrative remedies as are available are exhausted."  "An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance."   Reed-Bey v. Pramstaller, 603 F.3d 322, 324 (6th Cir. 2010) (quoting Woodford v. Ngo, 548 U.S. 81, 95 (2006)).

Webb argues that plaintiff failed to properly exhaust administrative remedies because the IRR and the grievance appeal were not timely filed.  Plaintiff disputes that the grievance filings were untimely and argues that  timeliness is irrelevant in any case because the proper state officials addressed the issues raised in the IRR and grievance appeal on the merits.

The grievance policy provides:

> Any offender who wishes to file an informal resolution request, on a grievable issue, must do so within 15 calendar days from the date of the alleged incident. The functional unit manager may waive this time period in extenuating circumstances when an offender is unable to file the request because she/he is out to court, in the hospital, etc.

Def. Exh. A [Doc. # 44-1 at p. 9].

Plaintiff argues that the functional unit manager waived the 15-day requirement in his case because he was confined to the prison's infirmary. In an affidavit, Jerry Bingham, the Grievance Officer for ERDCC, states that plaintiff's placement in the infirmary cannot constitute an extenuating circumstance for waiving the 15-day requirement because he had access to the grievance process while confined there. Whether or not plaintiff could have filed a grievance while in the infirmary is irrelevant. The prison officials waived the 15-day requirement by allowing plaintiff to file the IRR and addressing it on the merits.

Further, the Court agrees with plaintiff that Webb is incorrect about the date on which the grievance appeal was filed. The "date filed" that appears on the document is March 18, 2009. Pltf. Exh G [Doc. # 10-1 at p. 9]. Although it was not stamped "received" until March 26, 2009, it is the filing date that controls. The language of the grievance policy makes clear that it distinguishes between the date on which the grievance appeal is submitted and the date on which it is received. Def. Exh. A [Doc. # 44-1 at p. 17].

Finally, plaintiff argues that the timeliness of his grievance filings is irrelevant because the issues he raised were addressed on the merits. The question here is whether "the exhaustion requirement of the PLRA is satisfied by an untimely filing of a grievance if it is accepted and decided on the merits by the appropriate prison authority." Hill v. Curcione, 657 F.3d 116, 125 (2nd Cir. 2011). This question has not

been addressed by the Eighth Circuit.  However, at least four other circuits have considered the issue and have answered the question in the affirmative.  See id.; Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007) ("If a prison accepts a belated filing, and considers it on the merits, that step makes the filing proper for purposes of state law and avoids exhaustion, default, and timeliness hurdles in federal court."); Riccardo v. Rausch, 375 F.3d 521, 524 (7th Cir.2004) ("when a state treats a filing as timely and resolves it on the merits, the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action."); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000).

In arguing that plaintiff has not exhausted available remedies, Webb relies on Woodford v. Ngo for the proposition that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . ."  548 U.S. at 90. However, Woodford is distinguishable because the prison officials in that case denied the prisoner-plaintiff's grievance as untimely.  Webb has not pointed to any case in which the untimely grievance was resolved on the merits yet the exhaustion requirement was found to be unmet.

This Court agrees with the reasoning of the Second, Third, Seventh, and Tenth Circuits.  Thus,  plaintiff is deemed to have satisfied the exhaustion requirement of the PLRA.

       b. **Failure to state a claim**

Webb moves to dismiss the claims brought against him in his official capacity. "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983."  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Thus, the

claims plaintiff asserts against Webb in his official capacity fail to state a claim upon which relief can be granted. Webb's motion to dismiss will be granted as to the official capacity claims.

Webb also moves to dismiss plaintiff's claims that he was improperly placed in administrative segregation and denied the opportunity to shower, because these allegations are not directed towards him. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff does not allege that Webb was responsible for his placement in administrative segregation or for the denial of shower facilities. Webb's motion will be granted as to these claims.

2. **Chastain's Motion to Dismiss**

a. **Exhaustion**

Chastain argues that plaintiff has failed to adequately allege that he exhausted administrative remedies. Chastain further argues that the grievances plaintiff attached to the complaint demonstrate that plaintiff never raised the issue of his medical care during the grievance process.

"The PLRA's exhaustion requirement is not a heightened pleading requirement. This circuit considers the PLRA's exhaustion requirement to be an affirmative defense that the defendant has the burden to plead and to prove." Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (citations omitted).

It does not appear that medical care was the subject of the grievances plaintiff filed at ERDCC. However, plaintiff has attached to the complaint an IRR he filed at the Southeast Correctional Center where he is now confined. In that document, plaintiff wrote, "Since my accident Medical Staff has failed to provide adequate medical

treatment." Prison staff denied the IRR because the issue was "discussed" in an earlier grievance, SECC-09-734. Because plaintiff did not attach a copy of grievance SECC-09-734 to his complaint the Court is unable to determine whether it addressed Chastain or whether it was determined on the merits. As a result, the Court finds that it is not appropriate to dispose of this issue in a Rule 12(b)(6) motion. The issue is more appropriate for summary judgment proceedings.

### b. Failure to State a Claim

In his amended complaint, plaintiff alleges that Chastain "did nothing to help get Plaintiff off of that floor, top walk, top bunk, [he] had a reckless disregard for Plaintiff's medical condition and medical lay-in orders, [he] had a deliberate indifference to Plaintiff's very serious medical conditions and medical needs . . . ."
To state a claim for unconstitutional medical mistreatment, plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. To show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). In the instant case, plaintiff alleges no facts that would give rise to an inference that Chastain knew of plaintiff's placement on the top walk but disregarded it. As a result, the Court will grant Chastain's motion on this issue.

Plaintiff also alleges that "Dr. Chastin [sic] did not treat Plaintiff for his severe back pains, but Dr. Chastin [sic] did assign Plaintiff to a wheelchair permanently." Chastain argues that this allegation is insufficient to state a claim because it is

conclusory.  The Court disagrees.  Construed liberally, and taken in context with plaintiff's other allegations, the Court finds that this allegation is sufficient to plead a claim for deliberate indifference.  As a result, the Court will deny Chastain's motion on this issue.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Kyle Webb to dismiss and for summary judgment [Doc. 44] is **granted in part and denied in part**. Plaintiff's claims against Webb in his official capacity, his claims regarding administrative segregation, and his claims regarding being denied a shower are **dismissed**.  In all other respects, the motion is **denied**.

**IT IS FURTHER ORDERED** that the motion of  defendant Charles Chastain to dismiss [Doc. 28] is **granted in part and denied in part**.  Plaintiff's claim against Chastain regarding his cell and bunk assignments is **dismissed**.  In all other respects, the motion is **denied**.

Dated this 27th day of February, 2012.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE