UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES ROTHMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 4:11-CV-639 (CEJ) |
| GEORGE LOMBARDI, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motions to dismiss filed separately by defendant George Lombardi and defendant Missouri Department of Corrections (MDOC). Plaintiff has filed a memorandum in opposition addressing both motions and the issues have been fully briefed.

I.   Background

Plaintiff brings this action under 42 U.S.C. § 1983, the American with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act of 1973 , 42 U.S.C. § 701, *et seq*. At all times relevant to the second amended complaint, plaintiff was incarcerated at the Eastern Reception Diagnostic and Correctional Center.

Plaintiff alleges that on December 19, 2008, he received a medical lay-in, which prescribed that he be assigned to a cell on the lowest tier and that he be given a bottom bunk.[1] Plaintiff alleges that on that same day, two corrections officers, defendants Kyle Webb and Ronald Cowley, assigned plaintiff to a second floor cell and an upper bunk despite being aware of the medical lay-in. On December 23, 2008,

---

[1] "Medical lay-ins" are physician-issued documents that contain restrictions on an inmate's placement and/or activities because of a medical condition. See Doc. #10-1; see also Dykes v. Murphy, 4:09-CV-1062 (Mo. Ed. February 25, 2011).

plaintiff claims he was injured when he lost his balance and fell down the stairs. Plaintiff attributes his injuries to the defendants' deliberate indifference to his disability.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

## III. Discussion

### A. Count III: Section 1983 Claim Against Lombardi

Plaintiff brings his § 1983 claim against Lombardi in his official capacity as the Director of the MDOC. Plaintiff's second amended complaint alleges that Lombardi failed to determine whether plaintiff sustained a spinal injury after his fall and

maintained a policy, practice, or custom of deliberate indifference to the serious medical needs of persons with similar injuries. Plaintiff further argues that Lombardi's deliberate indifference amounted to cruel and unusual punishment in violation of the Eighth Amendment.

Lombardi moves to dismiss plaintiff's § 1983 claim because the complaint is devoid of facts showing that he was either personally involved or deliberately indifferent to the alleged constitutional violations against plaintiff and because the complaint does not contain any factual allegations showing that he established or condoned an official policy or custom violative of plaintiff's constitutional rights.

"A suit against a government employee in his or her official capacity equates to a suit against the government entity itself." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). To state a claim against a government official in his official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). Plaintiff argues that each time he was transferred to a different institution within the MDOC he informed prison employees of his injuries, but was consistently denied adequate medical evaluations and treatment. Plaintiff argues that these facts give rise to a plausible inference that there is a policy or custom in place to deprive inmates of medical evaluations.

"A 'policy' is an official policy, a *deliberate choice* of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999) (emphasis added). Plaintiff's complaint fails to allege any facts that would support a claim that

the government entities had a deliberate official policy of failing to identify medical needs or denying inmates proper medical evaluations and treatment.

"In contrast to the evidence required to establish an official policy . . . a custom can be shown only by adducing evidence of a 'continuing, widespread, persistent pattern of unconstitutional misconduct.'" Id. at 634 (citing Mettler, 165 F.3d at 1204). "A plaintiff must also show either that policymakers were deliberately indifferent to the misconduct or that they tacitly authorized it." Id.; see also Floyd v. Waiters, 133 F.3d 786, 795 (11th Cir 1998) ("[A] 'custom' requires that policymaking officials know about the widespread practice but failed to stop it."). Plaintiff's complaint fails to allege any facts showing that Lombardi was aware of and ignored or approved of a custom or practice by which medical care was denied to inmates.

Furthermore, plaintiff fails to allege sufficient facts to support an Eighth Amendment violation claim against Lombardi. "[F]or a nonmedical prison official to be subject to a claim of deliberate indifference [under the Eighth Amendment], the complaint must include sufficient factual allegations of the administrator's actual knowledge of 'a substantial risk of serious harm[.]'" Farmer v. Brennan, 511 U.S. 825, 825 (1994). Plaintiff did not allege any facts showing that Lombardi had knowledge of a substantial risk of serious harm to plaintiff's medical needs.

Accordingly, Count III of the second amended complaint will be dismissed as to Lombardi.

### B. Count IV: ADA Claim Against Lombardi and MDOC

Plaintiff's second amended complaint alleges that Lombardi and the MDOC violated the ADA when they "excluded [him] from participation in, or denied [him] the benefits of, the services, programs or activities [d]efendant provided, including medical

services and all other services, programs, or activities that required [him] to use the stairs" and "failed to or refused to make reasonable accommodations for [p]laintiff that would have enabled him to participate in or benefit from such services, programs or activities."

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To state a prima facie claim under the ADA, a [p]laintiff must show: 1) he is a person with a disability as defined by the statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon his disability." Randolph v. Rodgers, 170 F.3d 850, 858 (8th Cir. 1999).

Construed liberally, and taken in context with plaintiff's other allegations, the Court finds that plaintiff has sufficiently pled an ADA claim against Lombardi in his official capacity and against the MDOC. Plaintiff alleges in his complaint that he (1) was a qualified individual with a disability within the meaning of the ADA; (2) was provided with the benefit of a medical lay-in instructing that he be placed in a lower bunk on the first tier; (3) was subsequently placed in an upper bunk on the second floor; and (4) Lombardi's and the MDOC's failure to provide plaintiff with reasonable accommodations prevented plaintiff from participating in certain MDOC services, programs, or activities.

The MDOC argues that plaintiff's blanket allegation that he was denied a benefit, without specifying what particular benefit was denied, fails to state claim under the ADA. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Iqbal, 129 S. Ct. at 1949. Plaintiff's allegation satisfies this standard. Plaintiff alleges that he was denied the benefit of a medical lay-in, which was appropriately issued to him by a physician, and that he was denied the benefit of access to services, programs, or activities that required plaintiff to use the stairs.

Furthermore, Eleventh Amendment immunity would not bar this claim. The Eleventh Amendment does not bar plaintiffs from suing government officials or entities for injunctive relief. See Rogers v. Missouri Dept. of Corrections, 2011 WL 3320521, *2 (W.D. Mo. 2011).

    **C.   Count V: Rehabiliation Act Claim Against Lombardi and MDOC**

"Section 504 is a proscriptive, anti-discrimination statute that prohibits discrimination on the part of governmental actors to avoid due process and equal protection violations." M.P. v. Independent Sch. Dist., 439 F.3d 865, 867 (8th Cir. 2006); Randolph v. Rogers, et al., Case No. 4:94-CV-991 (E.D. Mo. June 26, 2008) (the Eleventh Amendment does not apply to Rehabilitation Act claims). Section 504 "prohibits discrimination against the disabled recipients of federal funding[.]" Barnes v. Gorman, 536 U.S. 181, 185 (2002).

Plaintiff alleges in his complaint that he is a qualified individual with a disability, that he has been denied reasonable accommodations, and has been denied benefits because of his disability. See M.P., 439 F.3d at 867 (Both the Rehabilitation Act and the ADA share the same requirements to establish a prima facie case). Similar to the ADA claim, Lombardi and the MDOC argue that plaintiff fails to allege sufficient facts because he has not identified a specific benefit that he was denied. However, reading the complaint liberally, and taken in context with plaintiff's other allegations, Count V states claims for disability discrimination under the Rehabilitation Act as plaintiff

-6-

alleges that he was denied the benefit of a medical lay-in, which was appropriately issued to him by a physician.

*****

For the above reasons,

**IT IS HEREBY ORDERED** that the motion to dismiss filed by defendant George Lombardi [Doc. # 93] is **granted** only as to the claim against defendant Lombardi in Count III of the second amended complaint. The motion is **denied** in all other respects.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by the Missouri Department of Corrections [Doc. # 96] is **denied**.

An Order of Partial Dismissal will be filed with this Memorandum and Order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of March, 2013.